A. J. PHILLIPS v. GULF REFINING COMPANY ET AL.

(Filed 7 April, 1937.)

APPEAL by plaintiff from *Sinclair, J.,* at December Term, 1936, of CARTERET.

Civil action to recover damages for an alleged negligent injury.

The record discloses that on 9 June, 1933, about the hour of 9:00 p.m., the plaintiff, while trying to berth a boat in the defendant's dock at Morehead City, fell from the pier and was seriously injured when his arm struck a protruding nail which had been driven into the side of one of the piling, about 8 or 10 inches from the top of the deck. The plaintiff was using the defendant's dock, after business hours, for his own convenience. He was neither an employee of the defendant nor engaged in any work for the defendant.

From a judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning errors.

*Ward & Ward for plaintiff, appellant.*
*Moore & Moore for defendants, appellees.*

PER CURIAM. It is not perceived upon what theory the defendant can be held liable for plaintiff's injury, unfortunate and distressing as it may have been. The judgment of nonsuit seems to be correct.

Affirmed.

---

MINOUS B. ALLEN ET AL. v. MUTUAL LIFE INSURANCE COMPANY.

(Filed 7 April, 1937.)

**Appeal and Error § 38—**

Where the Supreme Court is evenly divided in opinion, one Justice not sitting, the judgment of the lower court will be affirmed, without becoming a precedent.

APPEAL by defendant from *Sinclair, J.,* at September Term, 1936, of PITT.

Civil action to reinstate and make effective policy of life insurance and to recover on total and permanent disability clause contained therein.

From verdict and judgment for plaintiffs, the defendant appeals, assigning errors.